UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: **1:09-CV-00071**

| | |
|---|---|
| JAMES L. PHILLIPS, Individually and on Behalf of All Others Similarly Situated,<br>    Plaintiff,<br>v.<br><br>TRIAD GUARANTY INC., MARK K. TONNESEN, and KENNETH W. JONES,<br>    Defendants. | **NOTICE OF SUBSEQUENTLY DECIDED AUTHORITY** |

**NOTICE OF SUBSEQUENTLY DECIDED AUTHORITY**

Defendants Triad Guaranty Inc., Mark K. Tonnesen, and Kenneth W. Jones respectfully submit this Notice of Subsequently Decided Authority pursuant to Local Rule 7.3(i) to bring to the Court's attention the affirmance of one of the cases cited in Defendants' briefs in support of their Motion to Dismiss the Amended Class Action Complaint. The case of *In re PXRE Group, LTD. Sec. Litig.*, 600 F. Supp. 2d 510 (S.D.N.Y. 2009) was cited at page 13 of Defendants' Brief in Support of the Motion to Dismiss and page 6 of Defendants' Reply Brief. This case was affirmed by the Second Circuit in *Condra v. PXRE Group Ltd.*, No. 09-CV-1370, 2009 WL 4893719 (2d Cir. Dec. 21, 2009). A copy of this opinion is attached.

Dated: January 28, 2010

| | |
|---|---|
| /s/ William K. Davis<br>WILLIAM K. DAVIS, BAR NO. 1117<br>Email: wdavis@belldavispitt.com<br>**Bell, Davis & Pitt, P.A.**<br>Post Office Box 21029<br>Winston-Salem, NC 27120-1029<br>Telephone: 336/722-3700<br>Facsimile: 336/722-8153 | /s/ Richard A. Rosen<br>RICHARD A. ROSEN, NEW YORK<br>ATTORNEY REGISTRATION NO. 16633830<br>Email: rrosen@paulweiss.com<br><br>ROBYN F. TARNOFSKY, NEW YORK<br>ATTORNEY REGISTRATION NO. 2757102<br>Email: rtarnofsky@paulweiss.com<br>**PAUL, WEISS, RIFKIND, WHARTON &**<br>**GARRISON LLP**<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Telephone: 212/373-3000<br>Facsimile: 212/757-3990 |
| **ATTORNEYS FOR DEFENDANTS** ||

Slip Copy, 2009 WL 4893719 (C.A.2 (N.Y.)), Fed. Sec. L. Rep. P 95,555
(Not Selected for publication in the Federal Reporter)
(Cite as: 2009 WL 4893719 (C.A.2 (N.Y.)))

HOnly the Westlaw citation is currently available. This case was not selected for publication in the Federal Reporter.

United States Court of Appeals,
Second Circuit.
Chad CONDRA, Plaintiff-Appellant,
Stephen Goldberger, individually, and on behalf of all others similarly situated, Plaintiff,
Steven Klein, Ralph Lowry, and Eldon H. Voss, Consolidated-Plaintiffs,
v.
PXRE GROUP LTD., Jeffrey L. Radke, John M. Modin, and Guy Hengesbaugh, Defendants-Appellees.
No. 09-1370-cv.

Dec. 21, 2009.

Appeal from a March 4, 2009 order of the United States District Court for the Southern District of New York (Richard J. Sullivan, Judge).
Marc I. Gross, Pomerantz, Haudek Grossman & Gross LLP, New York, NY, for Plaintiff-Appellant.

Jonathan K. Youngwood, (Bruce D. Angiolillo, Janet A. Gochman, of counsel) Simpson Thacher & Bartlett LLP, New York, NY, for defendant-appellee PXRE Group, Ltd.

Jonathan R. Tuttle, Scott N. Auby, David S. Karp, Debevoise & Plimpton LLP, Washington, D.C., for defendant-appellee Radke

Brad S. Karp, Jonathan H. Hurwitz, Joshua D. Anders, New York, NY, for defendant-appellee Hengesbaugh

M. William Munno, Justin M. Garbaccio, Seward & Kissel LLP, New York, NY, for defendant-appellee Modin

Present: GUIDO CALABRESI, JOSÉ A. CABRANES and BARRINGTON D. PARKER, Circuit Judges.

**SUMMARY ORDER**

*1 UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be **AFFIRMED.**

Plaintiff-appellant Chad Condra, lead plaintiff in this securities fraud class action, appeals from the District Court's order dismissing the class plaintiffs' complaint, which alleges claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated by the Securities and Exchange Commission. This class action arises out of statements made by defendants-appellees PXRE Group Ltd. ("PXRE"), Jeffrey L. Radke, John M. Modin, and Guy Hengesbaugh (together, "defendants"), regarding the losses that PXRE, a reinsurance company, would be exposed to in the wake of Hurricane Katrina as well as the company's procedures for calculating loss. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

On appeal, plaintiffs argue that the District Court erred in dismissing their complaint on the basis that it fails to raise a strong inference of scienter so as to survive a motion to dismiss. Specifically, plaintiffs assert that the District Court erred by (1) holding that the Chief Actuary's opinion was insufficient to infer scienter, (2) finding that the magnitude of PXRE's understatement of losses, absolutely and relative to its peers, did not support an inference of scienter, and (3) discounting defendants' motive and opportunity in making their alleged misstatements about PXRE's losses. Plaintiffs also argue for the first time on this appeal that the District Court should have imputed to defendants knowledge of "core operations" of the company to support a finding of scienter or, alternatively, that defendants' duty of inquiry supports the inference of scienter.

We review *de novo* the District Court's decision dismissing a complaint pursuant to Rule 12(b)(6), *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002). "To survive dismissal, [a] plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' " *ATSI*

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 4893719 (C.A.2 (N.Y.)), Fed. Sec. L. Rep. P 95,555
(Not Selected for publication in the Federal Reporter)
(Cite as: 2009 WL 4893719 (C.A.2 (N.Y.)))

*Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007))

To plead scienter under the Private Securities Litigation Reform Act of 1995, Pub. L. 104-67, 109 Stat. 737 (codified as amended in scattered sections of 15 U.S.C.) sufficiently to survive a motion to dismiss a plaintiff must allege with particularity "facts giving rise to a strong inference that the defendant acted with the required state of mind"-an intent to deceive, manipulate, or defraud. 15 U.S.C. § 78u-4(b)(2). A plaintiff may establish a "strong inference" of scienter by alleging either "(1) that defendants had the motive and opportunity to commit fraud, or (2) strong circumstantial evidence of conscious misbehavior or recklessness." *ECA v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009). In assessing allegations of scienter we must consider "*all* of the facts alleged, taken collectively," and must also "take into account plausible opposing inferences." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). The inference of scienter must be "at least as compelling as any opposing inference of nonfraudulent intent." *ECA*, 553 F.3d at 198 (citation omitted).

*2 In a thorough, well-reasoned opinion, the District Court granted defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, holding that plaintiffs failed to sufficiently plead scienter under either of the two prongs of the scienter test required by our holding in *ECA*. After considering plaintiffs' complaint and all of the arguments on appeal, we dismiss plaintiffs' claims substantially for the reasons stated by the District Court's careful order and opinion of March 4, 2009. See *In re PXRE Group Ltd. Sec. Litig.*, 600 F.Supp.2d 510 (S.D.N.Y. 2009).

## CONCLUSION

Accordingly, we AFFIRM the judgment of the District Court.

C.A.2 (N.Y.),2009
Condra v. PXRE Group Ltd.
Slip Copy, 2009 WL 4893719 (C.A.2 (N.Y.)), Fed. Sec. L. Rep. P 95,555

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

| | |
|---|---|
| JAMES L. PHILLIPS, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>TRIAD GUARANTY INC., MARK K. TONNESEN, and KENNETH W. JONES,<br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of January, 2010, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to **LESLIE BRUCE MCDANIEL,** mcdas@mcdas.com, **JACK REISE,** jreise@csgrr.com, **PAUL J. GELLER,** pgeller@csgrr.com.

 

/s/ Robyn F. Tarnofsky
ROBYN TARNOFSKY, NEW YORK
ATTORNEY REGISTRATION NO. 2757102
Email: rtarnofsky@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: 212/373-3000
Facsimile: 212/757-3990
**ATTORNEY FOR DEFENDANTS**