UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF NORTH CAROLINA

WINSTON-SALEM DIVISION

No. 1:09-cv-00071-NCT-JLW

| | |
|---|---|
| JAMES L. PHILLIPS, Individually and on Behalf of All Others Similarly Situated, Plaintiff, vs. TRIAD GUARANTY INC., *et al.*, Defendants. | CLASS ACTION<br>**MOTION FOR CLARIFICATION OR STATUS CONFERENCE** |

Lead Plaintiff Western Pennsylvania Electrical Employees Pension Fund ("Plaintiff"), through its counsel, hereby moves the Court for clarification regarding the initiation of formal discovery or, in the alternative, a status conference to discuss the same. The reasons for this Motion are:

1. Plaintiff was appointed Lead Plaintiff on April 16, 2009 [Dkt. No. 15] and filed its Amended Class Action Complaint ("Amended Complaint") on June 22, 2009. Dkt. No. 20. Defendants moved to dismiss the Amended Complaint on August 21, 2009. Dkt. Nos. 24-26.

2. Following briefing on Defendants' motion and oral argument held on August 30, 2010, Magistrate Judge P. Trevor Sharp issued a Recommendation on January 27, 2012 [Dkt. No. 54] that the motion be granted without prejudice to Plaintiff's opportunity to further amend its complaint to address the pleading deficiencies identified in the Recommendation.

3. Plaintiff accordingly filed its Second Amended Class Action Complaint ("SAC") on March 30, 2012. Dkt. No. 60. Defendants moved to dismiss the SAC on May 15, 2012. Dkt. Nos. 63-66.

4. Following briefing on Defendants' motion to dismiss the SAC and oral argument held on March 12, 2013, Magistrate Judge Joe L. Webster issued an Order, Memorandum Opinion and Recommendation on May 31, 2013 denying Defendants' motion and sustaining the SAC's allegations. Dkt. No. 87.

5. On June 14, 2013, Defendants filed their Objection to Magistrate Judge Webster's Recommendation. Dkt. No. 90. Plaintiff filed its response in opposition to Defendants' Objection on July 1, 2013. Dkt. No. 92. On July 12, 2013, Defendants sought leave to file a reply in further support of their Objection to Magistrate Judge Webster's Recommendation. Dkt. Nos. 97-98.

6. While Defendants' Objection has been fully briefed for over 14 months, at no point in time have they sought a stay, pursuant to Local Rule 72.3, of Magistrate Judge Webster's Recommendation denying their motion to dismiss. Local Rule 72.3 requires that any "[a]pplication for [a] stay of a Magistrate Judge's order pending review of objections made thereto must first be made to the Magistrate Judge." Here, Defendants have made no such application to Magistrate Judge Webster or to this Court.

7. The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides for an automatic discovery stay only "'during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.'" *In re Constellation Energy Group, Inc. Sec. Litig.*, No. 08-02854, 2012 U.S. Dist. LEXIS 44036, at *11 (D. Md. Mar. 28, 2012) (citing 15 U.S.C. §78u-4(b)(3)(B)); *In re Cree, Inc. Sec. Litig.*, 220 F.R.D. 443, 446 (M.D.N.C. 2004) ("in securities fraud lawsuits governed by the PSLRA**,** all discovery is stayed against parties and non-parties alike until the court has addressed the sufficiency of the complaint").

8. Here, at a minimum, there exists ambiguity between the PSLRA's discovery stay "during the pendency of any motion to dismiss" and Magistrate Judge Webster's May 31, 2013 Recommendation confirming the sufficiency of the SAC's allegations, and absent a stay suspending that ruling pending review by this Court.

9. Given that this action has been pending for more than five years, and that Plaintiff accordingly fears the loss of crucial documentary and testimonial evidence as the relevant time period for Defendants' fraud fades further into history, Plaintiff respectfully requests clarification of whether the parties may proceed with formal discovery efforts in light of Magistrate Judge Webster's Recommendation, despite the pendency of Defendants' Objection thereto. In the alternative, Plaintiff respectfully requests a status conference before the Court to further address these issues.

10. Plaintiff's counsel has conferred with Defendants' counsel regarding this motion, who indicated that Defendants oppose the relief requested herein and, accordingly, intend to file a response in opposition. Defendants take the position that Magistrate Judge Webster's May 31, 2013 Recommendation is not an "order" for purposes of Local Rule 72.3, has not disposed of Defendants' motion to dismiss, and therefore cannot operate to extinguish the PSRLA's discovery stay. Defendants' interpretation underscores the ambiguity between Local Rule 72.3 and the PSLRA's discovery stay, and further supports Plaintiff's request for clarification on the matter.

DATED: October 13, 2014

ROBBINS GELLER RUDMAN
& DOWD LLP
JACK REISE
STEPHEN R. ASTLEY
ELIZABETH A. SHONSON

*/s/ Stephen R. Astley*
STEPHEN R. ASTLEY

120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
jreise@rgrdlaw.com
sastley@rgrdlaw.com
eshonson@rgrdlaw.com

***Lead Counsel for Plaintiff***

McDANIEL & ANDERSON, L.L.P.
L. BRUCE McDANIEL
(N.C. State Bar #5025)
Lafayette Square
4942 Windy Hill Drive
Raleigh, NC 27609
Telephone: 919/872-3000
919/790-9273 (fax)
mcdas@mcdas.com

***Liaison Counsel***

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2014, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Stephen R. Astley*
STEPHEN R. ASTLEY