UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES L. PHILLIPS, Individually and on Behalf of All Others Similarly Situated, | ) | |
| Plaintiff, | ) | C.A. No. 1:09-CV-00071 |
| v. | ) | |
| TRIAD GUARANTY INC., MARK K. TONNESEN, and KENNETH W. JONES, | ) | |
| Defendants. | ) | |

**OPPOSITION TO PLAINTIFF'S MOTION**
**FOR CLARIFICATION OR STATUS CONFERENCE**

Mark K. Tonnesen and Kenneth W. Jones ("Defendants") respectfully submit this memorandum in opposition to Plaintiff's motion for clarification or status conference.

1. This Court has pending before it Defendants' motion to dismiss the second amended complaint and a magistrate judge's report and recommendation concerning his view of the correct disposition of that motion. The report and recommendation—to which Defendants have objected—is not an "order" that disposes of the motion, and therefore, the automatic stay of discovery under the Private Securities Litigation and Reform Act ("PSLRA") remains effective until this Court decides the motion to dismiss.

2. This is a securities fraud case governed by the PSLRA, 15 U.S.C. § 78u-4(b)(3)(B), which provides that "all discovery and other proceedings" in a securities class action "shall be stayed during the pendency of any motion to dismiss. . . ." *See In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 683–84 (D. Md. 2000) ("Until the deadline for filing a motion to dismiss passes, or the defendants otherwise waive their rights to file a motion, or the Court rules on a motion to dismiss, the stay provisions are available.").

3. Defendants moved to dismiss the operative complaint in this action for failure to state a claim. Dkt. No. 63. That motion was referred to Magistrate Judge Joe L. Webster, who issued a report and recommendation to this Court (the "Report and Recommendation"), in which he recommended that this Court enter an order denying the motion to dismiss. Dkt. No. 87. Defendants timely objected. Dkt. No. 90. The objection remains pending.

4. On October 13, 2014, Plaintiff filed a motion for clarification or status conference. Dkt. No. 104. Plaintiff seeks guidance from the Court regarding whether Defendants have an obligation under this Court's Rules of Practice and Procedure (the "Local

Rules") to seek a stay of the Report and Recommendation during the pendency of this Court's review and ultimate disposition of the motion to dismiss. According to Plaintiff, one possible reading of the Local Rules is that absent a stay of the Report and Recommendation, the PSLRA stay does not apply and discovery can commence.

5. Plaintiff misreads unambiguous federal law and attempts to read an ambiguity into the Local Rules of this Court where none exists. The Court should deny Plaintiff's motion.

6. Under the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(B), a magistrate judge hearing a dispositive motion for failure to state a claim is not authorized to issue a final determination, or order, but instead must "submit to a judge of the court proposed findings of fact and recommendations for the disposition, *by a judge of the court*," of the motion. (emphasis added).

7. Consistent with the limited role magistrate judges play under federal law, Federal Rule of Civil Procedure 72(b)(2) provides that—unlike the rule applicable to "nondispositive matters," such as discovery disputes (which a magistrate judge can "decide" and for which the magistrate judge may enter "a written order")—when it comes to "dispositive motions," such as Defendants' pending motion to dismiss, the magistrate judge is limited to submitting a "recommended disposition" to the district court.

8. The law could not be clearer—a magistrate judge's recommended disposition of a motion to dismiss is not a final disposition or an order, and thus the motion to dismiss remains pending for purposes of the PSLRA stay. *See United States* v. *Raddatz*, 447 U.S. 667, 681–82 (1980) ("Congress has provided that the magistrate's proposed findings and recommendations shall be subjected to a *de novo* determination by the judge who then exercises

the ultimate authority to issue an appropriate order. Moreover, the authority—and the responsibility—to make an informed, final determination remains with the judge." (internal quotation and citation omitted)); *TPO, Inc.* v. *McMillen*, 460 F.2d 348, 359 (7th Cir. 1972) ("We conclude that magistrates have no power to decide motions to dismiss or motions for summary judgment, both of which involve ultimate decision making, and the district courts have no power to delegate such duties to magistrates."); *Eley* v. *Heckler*, 734 F.2d 724, 726 (11th Cir. 1984) ("The magistrate only makes recommendations. Final decision is made by the district court."); *O'Shea* v. *United States*, 491 F.2d 774, 776 (1st Cir. 1974) ("[A] magistrate's primary function is not to supplant, but is to assist judges. Except to the extent that weight attaches to his findings when acting as a special master, we have made it clear that at least in matters of importance the magistrate decides nothing, but merely recommends. . . ."); *Sims* v. *Wyrick*, 552 F. Supp. 748, 750 (W.D. Mo. 1982) ("The Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(B) does not vest authority in the magistrate to make a final and binding disposition of matters referred under the Act."); *Manocchio* v. *Sullivan*, 768 F. Supp. 814, 816 (S.D. Fla. 1991) ("As contemplated by Congress in this section, '*de novo* determination' requires that the district judge is not bound by the magistrate's findings, and that he must review the record and make his own determinations.").

9. Indeed, even where a party does not object to a magistrate judge's report and recommendation, there is no such "order" until the district judge adopts, modifies, or rejects it. *See* 12 Charles Alan Wright et al., Federal Practice and Procedure § 3070.1 ("It is fundamental that those recommendations do not become an order of the court until the district judge takes *some* action. . . .").

10. Local Rule 72.3 does not affect the analysis. That rule simply provides that for nondispositive "orders" under Federal Rule of Civil Procedure 72(a), an objecting party must seek a stay of the magistrate judge's "order" during the pendency of any objection, and must seek such a stay from the magistrate judge in the first instance. Local Rule 72.3 does not invite litigants to seek a stay of a report and recommendation issued pursuant to Federal Rule of Civil Procedure 72(b)(1)—nor could it, without running afoul of the Federal Magistrates Act. *Compare* Local Rule 72.3 (entitled "Stay of Order"), *with* Local Rule 72.4 (providing page-limitations for objections to a magistrate judge's "recommendations" *or* "orders"). The drafters of the Local Rules understood these distinctions; accordingly, they made clear that Local Rule 72.3 applies only to orders, and not to dispositive motions referred to magistrate judges. S*ee also, e.g.*, United States District Court for the Eastern District of Michigan Local Rule 72.2, *available at* http://www.mied.uscourts.gov/PDFFIles/localRulesPackage.pdf ("When an objection is filed to a magistrate judge's ruling on *a non-dispositive motion*, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge." (emphasis added)). In any event, no local rule can trump the federal statutory stay of discovery imposed by the PSLRA.

11. Plaintiff's actions in the sixteen plus months since the Report and Recommendation was issued confirm that Plaintiff fully recognizes that the PSLRA stay remains in effect. Since Magistrate Judge Webster issued the Report and Recommendation on May 31, 2013, Plaintiff has not initiated a Rule 26(f) conference or submitted initial disclosures. Nor has Plaintiff ever sought to lift the PSLRA stay.

12. Even if Plaintiff properly had filed a motion to lift the PSLRA stay, Plaintiff has not met the high burden imposed by 15 U.S.C. § 78u-4(b)(3)(B), which requires a

showing that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice." Under this standard, courts in this District and elsewhere have rejected "wholly speculative assertions as to the risk of lost evidence and undue prejudice." *In re Cree, Inc. Sec. Litig.*, 220 F.R.D. 443, 447 (M.D.N.C. 2004); *see also In re Vivendi Universal, S.A., Sec. Litig.*, 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003); *Novak* v. *Kasaks*, No. 96-cv-3073, 1996 WL 467534, at *1 (S.D.N.Y. Aug. 16, 1996). Thus, Plaintiff's vague, unsubstantiated reference in the motion to a fear of "the loss of crucial documentary and testimonial evidence" cannot overcome the strong statutory presumption in favor of maintaining the PSLRA stay. *See* S. Rep. 104-98, at 14 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 693 (describing the congressional intent that the PSLRA stay be lifted only in an "exceptional circumstance").

## **Conclusion**

For the foregoing reasons, the Court should deny Plaintiff's motion for clarification or status conference.

Dated: October 17, 2014


| | |
|---|---|
| /s/ William K. Davis<br>WILLIAM K. DAVIS, BAR NO. 1117<br>Email: wdavis@belldavispitt.com<br>**Bell, Davis & Pitt, P.A.**<br>Post Office Box 21029<br>Winston-Salem, NC 27120-1029<br>Telephone: 336/722-3700<br>Facsimile: 336/722-8153 | /s/ Richard A. Rosen<br>RICHARD A. ROSEN, NEW YORK ATTORNEY REGISTRATION NO. 1663830<br>Email: rrosen@paulweiss.com<br><br>ROBYN F. TARNOFSKY, NEW YORK ATTORNEY REGISTRATION NO. 2757102<br>Email: rtarnofsky@paulweiss.com<br>**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Telephone: 212/373-3000<br>Facsimile: 212/757-3990 |
| **ATTORNEYS FOR DEFENDANTS** | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to **LESLIE BRUCE MCDANIEL,** mcdas@mcdas.com, **JACK REISE,** jreise@rgrdlaw.com, **PAUL J. GELLER,** pgeller@rgrdlaw.com, **MICHAEL GREENWALD**, mgreenwald@rgrdlaw.com, **STEPHEN R. ASTLEY**, sastley@rgrdlaw.com, and **ELIZABETH A. SHONSON**, eshonson@rgrdlaw.com.


/s/ Richard Rosen
RICHARD A. ROSEN, NEW YORK
ATTORNEY REGISTRATION NO. 1663830
Email: rrosen@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: 212/373-3000
Facsimile: 212/757-3990
**ATTORNEY FOR DEFENDANTS**